IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


DAVID P. NELLUM,

    Plaintiff,

  vs.                                      Civil Action 2:09-CV-296
                                                Judge Watson
                                                Magistrate Judge King

MS. HARRIS (H.C.A.), *et al.*,

    Defendants.


## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner, brings this action alleging that defendants deprived him of his constitutional right to medical care. This matter is before the Court on *Defendants' Motion for Judgment on the Pleadings,* Doc. No. 10 ["*Defendants' Motion*"] and on *Plaintiff's Motion for Summary Judgment,* Doc. No. 19. For the reasons that follow, it is recommended that both motions be **DENIED**.


### *DEFENDANTS' MOTION*

**BACKGROUND**

Plaintiff alleges that he was sexually assaulted by his cell mate in January 2008 while incarcerated at the Ross Correctional Institution ["RCI"]. *Complaint,* at 4, Doc. No. 5. He reported the incident to Inmate Health Services ["IHS"]. *Id.* The *Complaint*[1] alleges that IHS failed to follow proper procedures and that defendants, medical

---

[1] The action was initially filed in the Western Division of this court and was thereafter transferred to this division because it appears that all defendants reside in Ross County, Ohio, and because the facts giving rise to plaintiff's claims occurred there as well. *Order of Transfer,* Doc. No. 3.

personnel at RCI, "didn't show any regard for my physical or mental well-being" after learning of the incident.  *Id.*  The *Complaint* names as defendants "Ms. Harris (H.C.A.)," "Ms. B. Jewell (R.N.)" and "Ms. Lisa Good (L.P.N.)."  Plaintiff seeks monetary damages.  *Id.,* at 5.[2]

In their answer, Doc. No. 10, defendants assert, *inter alia,* the defenses of qualified and sovereign immunity.  *Id.,* at 1.

In *Defendants' Motion*, defendants argue that the *Complaint* fails to state a claim upon which relief can be granted and that defendants are entitled to sovereign immunity under the Eleventh Amendment of the United States Constitution and qualified immunity in connection with plaintiff's claim for damages.

**STANDARD OF REVIEW**

Rule 12(h)(2) of the Federal Rules of Civil Procedure provides that a Rule 12(b)(6) defense of failure to state a claim upon which relief can be granted can be raised after an answer has been filed through a motion for judgment on the pleadings under Rule 12(c).  *See Morgan v. Church's Fried Chicken,* 829 F.2d 10, 11 (6th Cir. 1987).  Where a Rule 12(b)(6) defense is raised in a motion filed pursuant to Rule 12(c), the Court must apply the standard applicable to a motion filed under Rule 12(b)(6).  *Id.*

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the ... claim is and the ground upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46

---

[2]Plaintiff also asks for relief that would enable him to "receive closure." *Complaint,* at 5.  It is unclear what plaintiff intends by this term.

2

(1957)).  While a complaint need not contain detailed factual allegations, the pleading must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S.Ct. 1937,1949 (2009)("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). A court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' ... it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556.) "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- that the pleader is entitled to relief." *Ashcroft*, 129 S.Ct. at 1950 (quoting F.R. Civ. P. 8(a)(2)).

However, the allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than are formal pleadings drafted by lawyers; a *pro se* complaint will be liberally construed in determining whether it states a claim upon which relief can be granted. *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Jourdan v. Jake*, 951 F.2d 108, 110 (6th Cir. 1991). On the other hand, a *pro se* litigant must nevertheless comply with all procedural rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993). A *pro se* plaintiff is not entitled, merely by virtue of his *pro se* status, "to take every case to trial." *Ashiegbu v.*

*Purviance*, 74 F.Supp. 2d 740, 749 (S.D. Ohio 1998)(citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)). "Indeed, courts should not assume the role of advocate for the *pro se* litigant." *Id.* (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

**Claim under 42 U.S.C. §1983**

In order to state a claim under 42 U.S.C. §1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996). Because §1983 is a method for vindicating federal rights, and not itself a source of substantive rights, the first step in an action under §1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

This Court has previously construed plaintiff's complaint as arising under the Eighth Amendment to the United States Constitution. *Initial Screen of the Complaint*, at 1, Doc. No. 6. The United States Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. ... Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injuries states a cause of action under §1983." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). "A constitutional claim for deliberate indifference to serious medical needs requires a showing of objective and subjective components." *Phillips v. Roane County*, 534 F.3d 531, 539 (2008). Plaintiffs must show the existence of a "sufficiently serious

4

medical need to satisfy the objective component." *Id.* The United States Court of Appeals for the Sixth Circuit has explained that a condition is sufficiently serious when the need for medical care is obvious even to a lay person. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899-900 (6th Cir. 2004). "To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary,* 273 F.3d 693, 703 (6th Cir. 2001). The requisite state of mind "entails something more than mere negligence" but "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

However, not every claimed denial of adequate medical treatment states a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. at 105. The United States Court of Appeals for the Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that actuall sound in state tort law. *Id.*

Plaintiff's *pro se* complaint alleges that neither defendants Jewell nor Good, who are identified in the *Complaint* as nurses, showed "any regard for my physical or mental well-being after being aware of

5

what took place earlier in the day." *Id.*, at 4. Plaintiff also alleges that defendant Harris "never call[ed] me to IHS neither, to check for torn anal tissue." *Id.* According to this *pro se* complaint the liberal construction due it, see *Haines v. Kerner*, *supra,* 404 U.S. at 520, the Court concludes that plaintiff has adequately alleged facts in support of a claim of denial of medical and mental health treatment following a serious sexual attack. These allegations are sufficient, at this stage, to assert a claim under 42 U.S.C. §1983. The Court therefore concludes that the *Complaint* is not subject to dismissal for failure to state a claim upon which relief can be granted under 42 U.S.C. §1983.

**Sovereign Immunity**

Defendants also argue that, because plaintiff has sued them only in their official capacity, they are entitled to the absolute immunity from suit conferred by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment bars suits for monetary damages under 42 U.S.C. §1983 against states and state employees sued in their official capacities unless the state has waived that immunity or Congress has overridden the state's immunity under §5 of the Fourteenth Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). A plaintiff must therefore "set forth clearly in [his] pleading" that he intends to pursue the state defendants in their individual capacity. *Shepherd v. Wellman*, 313 F.3d 963, 967 (6th Cir. 2002)(citing *Wells v. Brown,* 891 F.2d 591, 593 (6th Cir. 1989)). Where, as here, no explicit statement appears in the pleadings, courts in this circuit must utilize a "course of proceedings" test to determine whether the defendants have received notice of the plaintiff's intent to hold them

personally liable. *See Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001)*(en banc)*("When a §1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings to determine whether *Wells'* ... concern about notice has been satisfied"). The "course of proceedings" test requires consideration of the nature of the claim, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims for qualified immunity, to determine whether the defendants had actual knowledge of potential for individual liability. *Id.*, at 772 n.1.

Defendants in this action contend that plaintiff, by identifying defendants by title, suggests that he intended to sue them only in their official capacities as nurses or health care officials with the Ohio Department of Rehabilitation and Correction. *Defendants' Motion*, at 4. It is not entirely clear to this Court what plaintiff meant by identifying defendant Harris by the initials "H.C.A."; the initials provided by plaintiff after the names of defendants Jewell and Good -- "R.N.," and "L.P.N." -- refer, not to any official position, but to a professional licensure. Fairly read, the *Complaint* does not indicate that plaintiff intended to sue defendants only in their official capacities, nor does the *Complaint* fail to give defendants fair notice that they have been sued in their individual capacities. Moreover, plaintiff's request for monetary damages further suggests that plaintiff intends to sue defendants in their individual capacity. *See, Moore, supra,* 272 F.3d at 772 n.1. Furthermore, the defense of qualified immunity asserted by defendants in their answer -- a defense available only to individuals -- is evidence that defendants are on notice that they are sued in their individual capacities. Because the course of

proceedings establishes that defendants are sued only in their individual capacity, defendants are not entitled to the sovereign immunity conferred upon states, their agencies and their employees sued in their official capacities by the Eleventh Amendment to the United States Constitution.

**Qualified Immunity**

Qualified immunity shields government officials from liability for civil damages if their actions do not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, __ U.S. __, 129 St. Ct. 808, 815 (2009). The protection afforded by the doctrine of qualified immunity will not shield a state official who should reasonably have concluded that her actions were unlawful. *Ewolski v. City of Brunswick*, 287 F.3d 492, 501 (6th Cir. 2002).

Defendants in this action base their defense of qualified immunity, at this stage of the proceedings, entirely on their contention that the *Complaint* fails to allege the existence of a clearly established statutory or constitutional right. *Defendants' Motion*, at 6. Because, for the reasons stated *supra*, the Court concludes that the *Complaint* sufficiently asserts a denial of medical and mental health treatment in violation of the Eighth and Fourteenth Amendments to the United States Constitution, the Court also rejects *Defendants' Motion* insofar as it asserts a defense of qualified immunity.

### *PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT*

Plaintiff has filed a motion for summary judgment, Doc. No.

19. However, the motion is not unsupported by evidence and there is no showing on the present record "that there is no genuine issue as to any material fact and that the [plaintiff] is entitled to judgment as a matter of law." *See* F.R. Civ. P. 56(c)(2). The motion is therefore without merit.

It is therefore **RECOMMENDED** that *Defendants' Motion*, Doc. No. 11, and that *Plaintiff's Motion for Summary Judgment*, Doc. No. 19, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

December 31, 2009                        *s/Norah McCann King*
                                                Norah M<sup>c</sup>Cann King

United States Magistrate Judge