IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

David P. Nellum,

    Plaintiff,

v.

Ms. Harris (H.C.A.), *et al.*,

    Defendants.

Case No. 2:09-cv-296

Judge Michael H. Watson
Magistrate Judge King

## OPINION AND ORDER

This is a civil rights action under 42 U.S.C. §1983 instituted by a state prisoner proceeding without the assistance of counsel. In a *Report and Recommendation* issued December 31, 2009, the United States Magistrate Judge recommended that *Defendants' Motion for Judgment on the Pleadings* and *Plaintiff's Motion for Summary Judgment* be denied. *Report and Recommendation,* Doc. No. 20. This matter is now before the Court on the defendants' objections to that Report and Recommendation which the Court will consider *de novo.* 28 U.S.C. §636(b); F.R. Civ. P. 72(b).

The *Complaint* alleges that plaintiff was sexually assaulted by his cell mate at the Ross Correctional Institution. *Complaint,* at p.4. Named as defendants are "Ms. Harris (H.C.A.)," "Ms. B. Jewell (R.N.)" and "Ms. Lisa Good (L.P.N.)." The complaint seeks monetary damages and "closure." *Complaint,* Doc. No. 5, at p. 5. In their motion for judgment on the pleadings, defendants contend that plaintiff failed to adequately allege a constitutional claim under 42 U.S.C. §1983, that defendants are sued only in their official

capacity and are therefore entitled to sovereign immunity under the Eleventh Amendment to the United States Constitution and, because the complaint fails to state a constitutional claim for relief, defendants are entitled to qualified immunity.

The Report and Recommendation rejected all of the contentions raised in the defendants' motion for judgment on the pleadings. In their objections, defendants address only their contention that the complaint fails to state a claim upon which relief can be granted.

> In rejecting that argument, the Magistrate Judge reasoned:
>
> Plaintiff's *pro se* complaint alleges that neither defendants Jewell nor Good who are identified in the complaint as nurses, showed "any regard for my physical or mental well being after being aware of what took place earlier in the day." *Complaint*, at p.4. The complaint goes on to allege that defendant Harris "never call[ed] me to IHS neither, to check for torn anal tissue." *Id.* According to this *pro se* complaint the liberal construction due it, *see Haines v. Kerner*, [404 U.S. 519, 520 (1972)], the Court concludes that plaintiff has adequately alleged facts in support of a claim of denial of medical or mental health treatment following a serious sexual attack. These allegations are sufficient, at this stage, to assert a claim under 42 U.S.C. §1983. The Court therefore concludes that the complaint is not subject to dismissal for failure to state a claim upon which relief can be granted under 42 U.S.C. §1983.

*Report and Recommendation,* at pp. 5-6. This Court agrees with that reasoning and concludes that, liberally construed, this *pro se* complaint adequately asserts a claim for deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution.

The Court therefore finds the objections to the *Report and Recommendation* without merit and they are therefore **DENIED**. The *Report and Recommendation* is hereby

**ADOPTED** and **AFFIRMED**. The defendants' motion for judgment on the pleadings, Doc. No. 10, and plaintiff's motion for summary judgment, Doc. No. 19, are **DENIED**.

The Court notes that defendants filed a motion to stay discovery pending final resolution of their motion for judgment on the pleadings. Doc. No. 29. In light of the denial of the motion for judgment on the pleadings, defendants' motion to stay discovery, Doc. No. 29, is **DENIED** as moot.

_____
Michael H. Watson, Judge
United States District Court