IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

David P. Nellum,

    Plaintiff,

v.

Ms. Harris (H.C.A.), et al.,

    Defendants.

Case No. 2:09–cv–296

Judge Michael H. Watson

## OPINION AND ORDER

Plaintiff, a state prisoner, alleges in this action that Defendants were deliberately indifferent to his medical needs following a sexual assault by Plaintiff's cellmate. Plaintiff moved for summary judgment, *Plaintiff's Motion for Summary Judgment*, ECF No. 50, as did Defendants, *Defendants' Motion for Summary Judgment*, ECF No. 54. On December 20, 2010, the United States Magistrate Judge recommended that Plaintiff's motion for summary judgment be denied and that Defendants' motion be granted. *Order and Report and Recommendation*, ECF No. 59. Plaintiff filed objections to that recommendation. *Objection*, ECF No. 61. Those objections were stayed pending further briefing. *Opinion and Order,* ECF No. 62. Defendants have now filed a supplemental response to Plaintiff's *Objection, Defendants' Response,* ECF No. 63, and Plaintiff has supplemented his objections, *Supplemental Objection*, ECF

No. 65.[1] For the reasons that follow, Plaintiff's objections are denied, his motion for summary judgment, ECF No. 50, is denied, and Defendants' motion for summary judgment, ECF No. 54, is granted.

I.

On January 24, 2008, while incarcerated at the Ross Correctional Institution ["RCI"], Plaintiff hit his cellmate, Carl Hall, with a piece of metal. See Exhibit A, *Affidavit of Michael Sheets - Warden RCI*, ¶ 4, attached to Defendants' *Motion for Summary Judgment*. The cellmate was treated at hospitals for severe injuries and Plaintiff was treated by RCI staff for minor injuries. Exhibit B, *Affidavit of David Baker*, ¶ 4, *id.*[2]

Plaintiff alleges that he hit his cellmate, who Plaintiff now alleges had previously sexually assaulted Plaintiff, because Plaintiff perceived the cellmate to be making another sexual advance toward Plaintiff. According to Defendant Jewell, who is a nurse at RCI and who examined Plaintiff after the incident, Plaintiff did not report an actual sexual assault to her. Exhibit D, *Affidavit of Brenda Jewell*, ¶ 4, *id.; see also* Exhibit C, *Affidavit of Terry Harris*, ¶¶ 4, 8, *id.* The "Inmate Voluntary Statement", purportedly executed by Plaintiff on the date of the incident, makes no mention of an alleged sexual assault and instead merely states that the cellmate punched Plaintiff in the mouth "and said I know what it is . . . ." *Inmate Voluntary Statement*, Exhibit C, attached to *Affidavit of Michael Sheets - Warden RCI*; *Inmate Voluntary Statement*, Exhibit D, attached to

---

[1]Significantly, none of Plaintiff's filings in connection with either *Plaintiff's Motion for Summary Judgment* or *Defendants' Motion for Summary Judgment* were verified or executed under penalty of perjury.

[2]There is no Paragraph 3 in this affidavit.

*Affidavit of Terry Harris*. However, on January 31, 2008, Plaintiff reported to a mental health liaison a history of sexual assaults by his cellmate. *See* Exhibits E, F, attached to *Affidavit of Michael Sheets - Warden RCI*; Exhibits F, G attached to *Affidavit of Terry Harris*. According to David Baker, the Chief Institutional Investigator at RCI, Plaintiff's allegations in this regard were thereupon investigated by Baker and an officer of the Ohio Highway Patrol, but no rape kit was performed and no criminal report was filed due to the lack of physical evidence and the passage of time. *Affidavit of David Baker*, ¶¶ 8, 9. Plaintiff, however, has been provided medical attention and psychological treatment since that time. *Affidavit of Terry Harris,* ¶ 9.

Plaintiff claims that Defendants, the RCI Health Care Administrator and two nurses at RCI, should have treated him on January 24, 2008 for an actual sexual assault and that their failure to do so constitutes deliberate indifference in violation of the Eighth Amendment to the United States Constitution. In her *Report and Recommendation*, the Magistrate Judge found that there was no evidence that Plaintiff actually advised Defendants on January 24, 2008 that he had been sexually assaulted by his cellmate. There was therefore no evidence, she concluded, that Defendants were subjectively aware, prior to January 31, 2008, that Plaintiff experienced a serious medical need for purposes of an Eighth Amendment claim. *See Report and Recommendation*, at 7-8. Thus, the Magistrate Judge recommended that the Defendants' *Motion for Summary Judgment* be granted.

In his original *Objection* to that recommendation, Plaintiff alleged for the first time that his signature on the *Inmate Voluntary Statement,* attached to *Defendants' Motion*

*for Summary Judgment,* had been forged. Plaintiff now alleges that, on the night of the incident, he wrote and signed a different statement. *Objection,* at 2. Plaintiff specifically states that the cellmate "got me drunk, put a sign up, hit me in the mouth, and said you know what it is. We struggled, he choked me out, and when I came to, I had been sexually violated." *Supplemental Objection*, at 3. Plaintiff alleges that "Defendants . . . made the Plaintiff re-write a statement . . . remov[ing] actual references to the sexual assault . . . ." *Objection.* Plaintiff refused to sign this statement and he alleges that the *Inmate Voluntary Statement* attached to *Defendants' Motion for Summary Judgment* was forged. *Objection,* at 2. It was that issue that Defendants were directed to further address. *Opinion and Order*, ECF No. 62.

## II.

Defendants argue that, despite Plaintiff's current, unverified allegation of forgery, their *Motion for Summary Judgment* should nevertheless be granted. First, Defendants point out that the allegation of forgery is inconsistent with the statement Plaintiff made to his mental health liaison on January 31, 2008—specifically, that he did not report the alleged sexual assault earlier for "fear of reprisal and of being humiliated in the eyes of other inmates." See Exhibits G, F, attached to *Affidavit of Michael Sheets – Warden RCI;* Exhibits F, G attached to *Affidavit of Terry Harris.* Second, Defendants now offer the affidavit of Lieutenant Nathan Thompson, shift duty supervisor on January 24, 2008, who avers that it was he who asked Plaintiff to "write down what happened regarding the fight with Inmate Hall." *Affidavit of Lieutenant Nathan Thompson,* ¶ 6, attached to *Defendants' Response*, ECF No. 63. According to Lt. Thompson, he did

not influence Plaintiff in any way as to what to write, nor did he falsify Plaintiff's statement. *Id.*, ¶ 7. Third, Defendants argue that, even if the proffered statement were forged, there is no evidence to suggest that any of the named Defendants "were ever made aware of what Nellum's [purported] intended statement was." *Defendants' Response*, at 3. Thus, Defendants argue, there is no evidence that any of the named Defendants was subjectively aware of an alleged sexual assault on January 24, 2008. On January 31, 2008, after Plaintiff had reported an actual sexual assault, the matter was fully investigated and Plaintiff was provided appropriate medical care. *See id.,* at 4.

In his *Supplemental Objection*, Plaintiff takes issue with Lt. Thompson's affidavit and argues that a handwriting analyst should "test Plaintiff's own signature, as opposed to that on the Inmate Voluntary Statement, to prove it was 'forged.'" *Supplemental Objection*, at 2. Plaintiff also proffers what appears to be a hard copy of an e-mail message, dated January 24, 2008, from David Baker to Warden Sheets and others, describing the altercation between Plaintiff and inmate Hall. *See* Exhibit, attached to *Supplemental Objection*. The e-mail message contains no reference whatsoever to Plaintiff's current claims of an actual sexual assault either on January 24, 2008 or prior to that date.[3] On the lower portion of the page, however, appear handwritten notations including references to, *inter alia*, "sexual assault" and "repeated claims of sexual activities by his cellmate." *See id*. The handwritten notations do not identify the author or the date that the notations were allegedly made.

---

[3] The e-mail contains the following language: "Inmates Nellum and Hall live in the same cell; both inmates appeared to be intoxicated. Nellum said they got into an argument about having sex after drinking some home made wine and they began to fight." Exhibit, attached to *Supplemental Objection*.

The Court will not consider the handwritten notes on the exhibit proffered by Plaintiff in his unverified *Supplemental Objection*. It does not appear that the named Defendants were recipients of the original e-mail. Moreover, the handwritten notations constitute hearsay and are in any event not properly authenticated. *See* Fed. R. Evid. 801(c), 901(a). *See also* Fed. R. Civ. P. 56(c)(2) ["A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."].

The Court notes that Plaintiff has filed a separate *Motion Requesting Handwriting Analyst Specialist*, ECF No. 64. In that motion, Plaintiff requests that an expert analyze the signature contained on the *Inmate Voluntary Statement* to determine if it is a forgery. *Id.* In the Court's view, appointment of a handwriting expert is unnecessary. As Defendants point out, even if Plaintiff did inform Lt. Thompson of an alleged actual sexual assault on January 24, 2008, there is still no evidence that any named Defendant had knowledge of such an assault. As the Magistrate Judge noted, there is simply no admissible evidence in the record that the named Defendants were subjectively aware of Plaintiff's allegation of an actual sexual assault on January 24, 2008. *See Report and Recommendation*, at 8. Their failure to provide medical treatment to Plaintiff on that date cannot, therefore, be regarded as a deliberate indifference to Plaintiff's serious medical condition. *See Estelle v. Gamble*, 429 U.S. 97 (1976). *See also Comstock v. McCrary,* 273 F.3d 693, 703 (6th Cir. 2001) (a plaintiff "must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact

draw the inference, and that he then disregarded that risk").

## III.

**WHEREUPON** Plaintiff's *Objection*, **ECF No 61**, and *Supplemental Objection*, **ECF No. 65**, are **DENIED**. Plaintiff's *Motion Requesting Handwriting Analyst Specialist*, **ECF No. 64**, is **DENIED**. The *Report and Recommendation*, **ECF No. 59**, is **ADOPTED and AFFIRMED**. *Plaintiff's Motion for Summary Judgment*, **ECF No.50**, is **DENIED**. *Defendants' Motion for Summary Judgment*, **ECF No. 54**, is **GRANTED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**